CHARGE TO GRAND JURY. See Append. Fed. Cas.

CHARLES, The (EVANS v.). See Case No. 4,556.

---

### Case No. 2,615.

#### CHARLES v. MATLOCK.

[3 Cranch, C. C. 230.] [1]

Circuit Court, District of Columbia. Dec., 1827.

ENFORCEMENT OF INDENTURE OF APPRENTICESHIP.

Under the Maryland act of 1793 (chapter 45, § 6), a mechanic may take as an apprentice any male child until he arrive at the age of twenty-one years; and an indenture made by one justice of the peace only, for five years' service of the boy, was, under the seventh section of the act, enforced by the court, after the boy had been some time with the master, (who was a tailor,) and was able to earn eight or nine dollars a week by working at the trade; although one justice of the peace had no authority so to bind him, and although the age of the boy was not specified in the indenture, and although the indenture was not seen by the orphans' court, nor recorded, nor signed by the boy or his mother, who was his only living parent, nor was her approbation thereof notified by an indorsement on the same.

This was the petition of an infant [Edward Charles], to be discharged from the custody of the respondent [Simeon Matlock], who claimed him as his apprentice, under an indenture made by one justice of the peace only, for five years' service. The indenture did not specify the age of the boy, and was not recorded in the orphans' court, nor seen by that court, nor its approbation, or that of the mother, who was the only living parent, indorsed thereon.

The sixth section of the Maryland act of 1793 (chapter 45, § 6), is in these words:— "That it shall and may be lawful for any manufacturer or mechanic to take, as an apprentice, any male child until he shall arrive at the age of twenty-one years; provided, always, that the contract so made shall specify the age of the child at the time of making the said contract, and that the parent or parents of such child, if living, or, if an orphan, the orphans' court of such county as the child shall reside in, shall see the contract within two months after its execution, and notify their approbation thereof by indorsement on the same; and that the said contract shall be recorded among the records of the orphans' court,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

and the sum of three shillings shall be paid by the master of the said apprentice therefor; and, when so recorded, the said contract shall be of the same validity as if the same had been originally made with the parents of the said child, or with the orphans' court." By the seventh section of the same act it is, among other things, enacted, that "in case the contract, whether defective in form or not, hath been partly executed, the said county or criminal court, may award and compel the terms, or any part of the terms, to be performed by the master or mistress, or by the apprentice, as justice and equity may require; and the master or mistress of any apprentice may detain the said apprentice in his or her service till such apprentice is or shall be discharged by the court aforesaid; and the said master or mistress may maintain such action against strangers, as if such apprentice had been legally bound to serve."

Mr. Beale and Mr. Hellen, for the petitioner, contended that the indenture was void, and constituted no contract: 1st. Because one justice of the peace alone has no authority whatever to bind out a child as an apprentice, nor to make a contract for him. The law of Maryland only gives the power to the orphans' court, or to the father of the child, or to the trustees of the poor, (whose authority is limited to the children under their care in the poor-house of the county,) or two justices of the peace, when the orphans' court is not in session. The authority given by the sixth section, to a manufacturer, or a mechanic, to take as an apprentice any male child, is to take with the consent of the child, who is thereby authorized to enter into such a contract for himself, with the approbation of his parents, if any, or of the orphans' court, if he is an orphan. To make this a contract under that section, it must be shown that the boy made the contract on his part; that it specified his age; that his mother, or the orphans' court, saw the contract within two months after its execution, and notified their approbation by an indorsement on the same, and that it was recorded among the records of the orphans' court. At common law, he could make no such contract. His authority is entirely under the statute, and can be exercised only in the manner, and to the extent designated in the statute. Recording is all-important to the validity of a contract; as much so as the recording of a deed for land. The statute says: "And, when so recorded, the contract shall be of the same validity as if the same had been originally made with the parents of the said child, or with the orphans' court." There must be two parties to a contract. The parties to the contract, contemplated by the sixth section, are the mechanic and the boy. Here is no evidence whatever, that the boy entered into any contract. The indenture purports to be made between the

justice of the peace and the mechanic; and it does not appear that the assent of the boy was ever asked. In the case of Ballard v. Edmonston, in this court, at October term, 1823 [Case No. 817], the indenture was signed by the mother of the boy, and by Ballard, who was a tailor, but not by the boy. The indenture did not specify the age ·of the boy, but he was to serve nine years. He had served part of the time, and Mr. Ashton contended that it was a contract which the court could and ought to enforce under the seventh section of the act. Mr. ·Coxe, on the contrary, contended that that was not a contract defective in form only, .and therefore within the seventh section, but it was no contract at all, as the mother had no right or authority to bind out her ·child. And of that opinion was the court, (Thruston, J., absent.) So in the case of Handy v. Brown, in this court, at December term, 1809 [Id. 6,019], this court (Fitzhugh, .J., absent,) decided that an indenture entered into and signed by a boy of sixteen years of age, without any evidence of the assent of his parents, or of the orphans' court, was not a binding indenture under the Maryland law; and, if it could be considered as a contract for necessaries, yet it did not create the relations of master and apprentice.

Mr. Key, contra, considered the objection .as going to the form of the contract only, except the assent of the mother, within the two months after the execution of the indenture, which he was ready now to prove, although her approbation had not been indorsed upon the contract.

CRANCH, Chief Judge. I think there was no contract binding the boy, because the age was not inserted; because neither the approbation of the father, nor mother, nor orphans' court was indorsed on the contract; because it was not recorded in the orphans' ·court; and because one justice of the peace had no authority to bind out an apprentice in any case whatever. These requisitions of the statute, I think, are necessary to the validity of the contract, agreeably to the decision in Ballard v. Edmonston [supra]. Whatever is necessary to the validity of the ·contract is matter of substance. An infant cannot contract under seal, but in the manner and to the extent prescribed by statute. A limited power must be strictly executed. The acts not having been done, which I deem necessary to the validity of the contract under the statute, I am of opinion that there was no contract.

THE COURT, however, considered the objections as objections to form only, except that to the want of the assent of the mother; but were of opinion that such assent may now be proved, although not indorsed within the two months; that the sixth section does not require the recording in any limited

time, and that it may now be done, (upon this point, however, MORSELL, Circuit Judge, dissented), and that the time of service, being limited to five years, is equivalent to the insertion of the age of the child.

The petition was dismissed.